NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHATCHIK HAIRABEDIAN, DBA Kris Mobil, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SECURITY NATIONAL INSURANCE COMPANY, a Texas Corporation, <br><br> Defendant-Appellee. | No.  22-55355 <br><br> D.C. No. 2:22-cv-00920-SB-MAA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted July 14, 2023[**]
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,[***] District Judge.

Plaintiff Khatchik Hairabedian d/b/a Kris Mobil ("Khatchik") appeals from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

the district court's order granting Defendant Security National Insurance Company's ("Security") motion to dismiss this action for insurance coverage. We review de novo an order granting a motion to dismiss for failure to state a claim. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We affirm.

Khatchik seeks coverage from its insurer, Security, for COVID-19 related economic losses. However, the policy has a virus exclusion that provides: Security "will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." The virus exclusion "applies to all coverage under all forms and endorsements," in the policy, including "forms or endorsements that cover business income, extra expense or action of civil authority." As we held in *Mudpie*, which involved an identical policy provision, the virus exclusion bars coverage. *See Mudpie*, 15 F.4th at 893–94.

Khatchik argues that the virus exclusion does not apply because government orders, not COVID-19, caused its losses. We rejected this argument in *Mudpie*, because the complaint did not "allege an attenuated causal chain between the virus" and its losses. *Id.* at 894; *see also Musso & Frank Grill Co., Inc. v. Mitsui Sumitomo Ins. USA Inc.*, 293 Cal. Rptr. 3d 1, 6–7 (Ct. App. 2022), *review denied*, (Aug. 10, 2022). Here, as in *Mudpie*, COVID-19 is the efficient proximate cause

2

of Khatchik's alleged losses.  *Mudpie*, 15 F.4th at 894.

Khatchik also contends that the virus exclusion does not apply to pandemics because Security chose not to use a publicly available "pandemic exclusion" in its policy.  We disagree.  "Arguing that the Virus Exclusion does not apply to bar coverage for losses stemming from the COVID-19 pandemic 'defies the plain and unambiguous text of the Policy and is akin to arguing that a coverage exclusion for damage caused by fire does not apply to damage caused by a very large fire.'" *Discount Elecs., Inc. v. Wesco Ins. Co.*, 2023 WL 2009935, at *2 (9th Cir. Feb. 15, 2023) (quoting *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 498 F. Supp. 3d 1233, 1242 (C.D. Cal. 2020)); *Hovagimian v. Maxum Cas. Ins. Co.*, 2023 WL 2945305, at *1 (9th Cir. Apr. 14, 2023) (same).

Khatchik did not present substantive arguments on its remaining claims.  We deem any such argument waived.  *See Bowerman v. Field Asset Services, Inc.*, 60 F.4th 459, 469 n.7 (9th Cir. 2023).

**AFFIRMED.**